James **BOGIE**, Guardian for Robert Bogie,
Appellant,

v.

**ROYAL CROWN BOTTLING COMPANY
OF DANVILLE, INC., Appellee.**

Court of Appeals of Kentucky.

March 3, 1961.

Marvin Cornett, Stanford, for appellant.

James F. Clay, Danville, for appellee.

PALMORE, Judge.

Appellant's ward was injured when a
bottle of Royal Crown Cola he was carry-
ing home from a store exploded. This suit
against the bottler resulted in a verdict for
the defendant. The basis for appeal is that
the instruction defining reasonable care on
the defendant's part was prejudicially er-
roneous.

Counsel for the appellant did not
offer any written instructions, nor did he
object to the instructions prepared and
given by the court. However, the enu-
meration of documents set forth in his
designation of the record as required by
CR 75.01 includes the following item:

" 9. Stipulation as matters to be in-
cluded in record:

"After all the evidence was heard by
the Jury, the Court and the attorney
for the plaintiff and the attorney for
the defendant retired to prepare the
instructions to the jury. The attor-
ney for the plaintiff offered no instruc-
tions. The attorney for the defendant
offered an instruction which required
the defendant to use only ordinary care
to discover defective bottles. The at-
torney for the plaintiff objected to this
proposed instruction on the ground
that a higher degree of care was re-
quired of defendant, and cited the
recent case of Paducah Coca-Cola Bot-
tling Company vs. Tony Harris, Ky.,
316 S.W.2d 128 as requiring the 'high-
est degree of care'. The Court had be-
fore him the above mentioned Paducah
Coca-Cola Bottling Company vs. Tony
Harris case, and read from the case
and it was discussed. The trial was
then recessed over the noon hour, dur-

ing which time the Court prepared the instructions to the jury. The attorney for the plaintiff made no further objections to the instructions. The jury after a time returned with a verdict for the defendant, with nine jurors signing the verdict."

■ Though it is called a stipulation, the foregoing entry is but a unilateral recitation of certain events that took place during the trial. Obviously, to allow a record to be supplemented in that manner would invite chaos. The purpose of the schedule required by CR 75.01 is not to make or add to a record, but to designate what portions of a record already made shall be transcribed and certified for purposes of appeal. The historical information volunteered in the designation for inclusion as a part of the record was not in fact a part of the record and cannot be so considered by this court.

■ Lest we appear abrupt in the disposition of this appeal, let it be said that even if the facts recited in the designation were properly shown by the record they would fall short of a compliance with CR 51, because the appellant neither offered a written instruction of his own nor objected to those prepared and given by the court. Fields v. Rutledge, Ky. 1955, 284 S.W.2d 659, 58 A.L.R.2d 210, would apply only if appellant had offered a written instruction.

The instruction in question reads as follows:

"It was the duty of the defendant, Royal Crown Bottling Co., in preparing to fill cola bottles with carbonated drinks, to use reasonable care to discover any harmful fault or defect in such bottles. By reasonable care is meant such care as was reasonably required for the purpose of finding if there existed any such defect or fault in the structure of such bottles as might likely result in serious harm to anyone purchasing any of such bottles of carbonated drinks."

■ Paducah Coca-Cola Bottling Company v. Harris, Ky. 1958, 316 S.W.2d 128, when read in connection with C. D. Herme, Inc. v. R. C. Tway Company, Ky. 1956, 294 S.W.2d 534, holds that in order to require the highest degree of care of a manufacturer the instruction should define the term "reasonable care" as that degree of care "reasonably necessary to secure production of a safe article." [316 S.W.2d 130]. When that is done, the instruction in fact and in legal effect exacts what is tantamount to the highest degree of care short of making the manufacturer an insurer. Therefore, the instruction given in this case was correct, for which reason it is unnecessary for us to consider appellant's further contention that he is entitled to relief under CR 62.01.

The judgment is affirmed.